48 CCPA

**Application of Jones B. EDWARDS.**

**Patent Appeal No. 6583.**

United States Court of Customs and Patent Appeals.

Jan. 13, 1961.

Jones B. Edwards, pro se.

Clarence W. Moore, Washington, D. C. (D. Kreider, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

KIRKPATRICK, Judge.

This is an appeal from the Board of Appeals of the Patent Office which affirmed the examiner's rejection of claims 69, 70, 71 and 72 of the appellant's application S.N. 380,922. Claim 68 which was also before the board has been abandoned.

The claims are for a method of lighting a cigarette by means of an electrically heated igniting element. Claim 69 is representative and is as follows:

"The herein described method of lighting a cigarette with an electrically heated igniting element, comprising holding the tip of the said cigarette in contact with the unenergized igniting element, and effectually concurrent with thus disposing the cigarette, electrically energizing the igniting element in a

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge

manner subjecting the cigarette tip to relatively low temperatures and for a period of time, sufficient to ignite the cigarette, whereby preventing tobacco sticking to the igniting element."

Claim 70 adds the step of de-energizing the igniting element after the cigarette is lit but before the cigarette tip flames.

Claims 71 and 72 are the same as 69 and 70 respectively, except that an apparatus limitation to the effect that the igniting element should be substantially solid-surfaced has been added.

The board relied on the prior art references of

| Grandich | 1,386,616 | Aug. 9, 1921 |
| Bate | 1,584,423 | May 11, 1926 |
| Copeland | 1,844,206 | Feb. 9, 1932 |
| Cronan | 2,663,606 | Dec. 22, 1953 |
| | | (filed June 6, 1950) |

Copeland alone is sufficient. He discloses a cigarette or cigar lighter in which the cigarette or cigar is placed against a cold heating element and substantially concurrently therewith the heating element is energized. It also in one embodiment discloses the use of a thermostat to automatically de-energize the heating element. This reference certainly carries out those steps of the appellant's method embraced in placing the cigarette against a cold element, leaving it there until it is lit, and removing it, and the automatic de-energization of the unit.

The two remaining constituents of the appellant's claims, other than the apparatus limitation, are the requirement that the cigarette should be subjected to a relatively low temperature and his statement "whereby preventing tobacco sticking to the igniting element." There is nothing in the claim that tells what is meant by a relatively low temperature. The specification tells of tests wherein temperatures from 1100 to

O'CONNELL, pursuant to provisions of Section 294(d), Title 28, United States Code.

1400° F. were used, but the appellant did not choose to limit his claim by specifying those or any other temperatures, and all that does appear is an unbased comparative. Any temperature will be relatively low compared to some higher temperature. We may not look to the specification to put into the claim a limitation that the applicant left out. As this court said in In re Lundberg et al., 244 F.2d 543, 548, 44 CCPA 909, 916:

"* * * notwithstanding the third paragraph of section 112, it is the language itself of the claims which must particularly point out and distinctly claim the subject matter which the applicant regards as his invention, without limitations imported from the specification, whether such language is couched in terms of means plus function or consists of a detailed recitation of the inventive matter. Limitations in the specification not included in the claim may not be relied upon to impart patentability to an otherwise unpatentable claim."

The "whereby" clause is subject to the same objection. The appellant's specification discloses that sticking of tobacco to an electrical igniting element can be avoided by comparatively slowly heating the tobacco to drive off the moisture in it before it is lit and that he was successful in doing this by raising the igniting element from ambient temperature to from 1100 to 1400°F. in 5 to 8 seconds. The "whereby" clause certainly does not, even when combined with the other parts of the claim point this out, and we may not go to the specification to spell it out. Moreover, the phrase, even if it be assumed to be a limitation of the claim, merely states a result and not a method to achieve that result.

The limitations of claims 71 and 72 pertaining to a solid-surfaced heating element contribute nothing to patentability. The application shows both spiral and solid-surfaced heating elements and the nature of the surface has nothing to do with the method claimed. The teachings of the specification are equally applicable to both, so far as the steps of the method are concerned.

To sum up, the appellant's invention, so far as it is not anticipated, is not claimed. The claims do not "particularly point out" and "distinctly claim" the invention disclosed in the specification in such a manner as to distinguish it over the Copeland patent and must, therefore, be rejected.

Affirmed.